UNITED STATES of America, Plaintiff,

v.

The TRUSTEES OF the FRATERNAL ORDER OF EAGLES, MILWAUKEE AERIE NO. 137, Defendants.

No. 79–C–192.

United States District Court,
E. D. Wisconsin.

July 3, 1979.

Joan F. Kessler, U.S. Atty. by Elizabeth L. Adelman, Milwaukee, Wis., for plaintiff.

Richard J. Steinberg, Wauwatosa, Wis., Charles H. Rowan, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action brought by the United States attorney general under 42 U.S.C. § 2000a–5(a) to enjoin the defendants from discriminating on the basis of race, color, or national origin in the operation of their organization. The case is presently before me on the defendants' motion to dismiss.

In support of their positions, both parties have filed affidavits and other supporting materials. Therefore, pursuant to Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss will be treated as one for summary judgment and will be disposed of as provided in Rule 56.

The defendants' motion is founded on their contention that Milwaukee Aerie No. 137 of the Fraternal Order of the Eagles (hereinafter "Eagles Club") is a private club and therefore exempt from the public accommodation section of the Civil Rights Act of 1964 under which the attorney general has brought this suit. 42 U.S.C. § 2000a(e) provides:

> "The provisions of this subchapter shall not apply to a private club or other establishment not in fact open to the public, except to the extent that the facilities of such establishment are made available to the customers or patrons of an establishment within the scope of subsection (b) of this section."

 The burden of proof rests on the defendants to substantiate their claim that the Eagles Club is a private club within the meaning of § 2000a(e). *Nesmith v. Young Men's Christian Association of Raleigh, North Carolina*, 397 F.2d 96, 101 (4th Cir. 1968). In making this factual determination, courts have considered a number of factors: (a) the selectiveness of the group in the admission of members, *Tillman v. Wheaton-Haven Recreation Ass'n*, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Nesmith v. Young Men's Christian Association of Raleigh, North Carolina*, supra; (b) the degree of membership control over internal governance, *Daniel v. Paul*, 395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1969); *United States v. Jordan*, 302 F.Supp. 370 (E.D.La.1969); (c) whether the organization advertises to attract members, *Runyon v. McCrary*, 427 U.S. 160, 172 n. 10, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); (d) whether the organization made insubstantial changes in its prior operation in order to avoid the impact of civil rights legislation, *Cornelius v. Benevolent Protective Order of Elks*, 382 F.Supp. 1182 (D.Conn.1974); and (e) the use of club facilities by non-members, *Cornelius v. Benevolent Protective Order of Elks*, supra; *Williams v. Rescue Fire Co.*, 254 F.Supp. 556 (D.Md.1966).

 I believe that the most important factor in determining whether a club is in fact private is the process which the club actually uses in selecting its members. Courts have consistently held that where a club or facility is generally open to a broad range of the public, the club or facility does

**1176**

not fall within the exemption of § 2000a(e). See e. g., *Runyon v. McCrary*, 427 U.S. 160, 172 n. 10, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Tillman v. Wheaton-Haven Recreation Ass'n*, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Olzman v. Lake Hills Swim Club, Inc.*, 495 F.2d 1333, 1336 (2d Cir. 1974); *Smith v. Young Men's Christian Association of Montgomery, Inc.*, 462 F.2d 634, 648 (5th Cir. 1972); *Nesmith v. Young Men's Christian Association of Raleigh, North Carolina*, 397 F.2d 96, 102 (4th Cir. 1968).

■ Nearly all of the factual submissions of both parties in this case are directed to the issue of selectivity in the membership admission process. The defendants have submitted the affidavit of the president of the local Eagles Club, Donald J. Hofner. Mr. Hofner avers that membership requirements and the procedure for membership application are contained in the "Statutes of the Fraternal Order of Eagles." Those statutes, which are annexed to Mr. Hofner's affidavit, include the following requirements: (1) "[e]very applicant for membership in any Local Aerie shall be recommended by two members of the Order"; (2) "[n]o person shall be eligible to be elected to membership in any Local Aerie unless such person is a male, is of good moral character, and believes in the existence of a Supreme Being, . . ."; (3) "[n]o application for membership shall be considered if the applicant shall not reside within the jurisdiction of the Aerie to which such application is submitted"; (4) "[e]ach person desiring to become a member of an Aerie must properly fill out and sign an application . . ;" (5) "[a]ll applications for membership . . . shall be referred to the Investigating Committee"; and (6) "[a]fter the report of the Investigating Committee is submitted, the application shall be voted upon, and, if elected, the Aerie may proceed with the initiation of the applicant."

On the basis of these provisions, Mr. Hofner avers "[t]hat the membership has complete control over the admission of applicants for membership and selection by the membership of new members by a blackball system through which individual members can accept or reject an applicant for membership."

The selective admission process which is ostensibly provided by the portions of the Eagles Club statute quoted above stands in stark contrast to the admission process that the government claims the Eagles Club actually uses. The following points are illustrative of this contrast.

For the past several years, the Milwaukee Eagles Club has had 7,000 to 8,000 members at any one time. Between June 1, 1976, and May 31, 1977, the club received 1,011 applications. Of these, only three were turned down, a figure hardly indicative of a selective membership screening process.

Furthermore, the government submitted the affidavits of two members of the Eagles Club. One of the members has averred that when he joined the club he simply filled out an application form, handed the application in with his initiation fees and dues and was immediately given a membership card. This affidavit contradicts both the claim that the Eagles Club has a selective admission process and the claim that the membership plays a large roll in screening applicants.

The second member averred that upon payment of a fee, white guests have been permitted to use the club's facility in the past. He has also averred that the only person that he had ever seen being refused admission as a guest was black. The affidavit contradicts Mr. Hofner's statement that the club's facilities are open only to members.

Under Rule 56, Federal Rules of Civil Procedure, in order to be entitled to summary judgment, the movant has the burden of showing that there are no material facts in dispute and that the movant is entitled to judgment as a matter of law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The defendants have the burden of establishing that the Eagles Club is a private club within the meaning of § 2000a(e). On the present record, the defendants have not

satisfied that burden. The government's submissions tend to support its claim that the Eagles Club is open to virtually any adult male living in the jurisdiction of the Milwaukee Aerie except blacks. At most, the defendants' submissions draw this factual issue into dispute. Therefore, under Rule 56, the defendants are not entitled to summary judgment.

Therefore, IT IS ORDERED that the defendants' motion to dismiss, treated herein as a motion for summary judgment, be and hereby is denied.