FRED A. RISSER, Chairperson Senate Organization Committee
On behalf of the Senate Organization Committee, you request my opinion regarding the impact of Board of Dirs. of Rotary Intern.v. Rotary Club, ___ U.S. ___, 107 S.Ct. 1940 (1987), on service clubs in Wisconsin. In that case, the Supreme Court held that California's public accommodations law, which prohibited sex discrimination by business establishments, does not violate first amendment freedoms of private association and expressive association. It is my opinion that the denial of rights statute, section 942.04, Stats., potentially applies to Wisconsin service clubs, and that the constitutionality of such application is to be analyzed according to the factors set forth in the RotaryIntern. case.
Section 942.04 (1) provides, inter alia, that whoever does the following is guilty of a Class A misdemeanor:
 (a) Denies to another . . . the full and equal enjoyment of any public place of accommodation or amusement because of sex . . .; or
 (b) Gives preferential treatment to some classes of persons in providing services or facilities in any public place of accommodation or amusement because of sex[.]
Section 942.04 (2) provides that "public place of accommodation or amusement":
 shall be interpreted broadly to include, but not be limited to, places of business or recreation, hotels, motels, resorts, restaurants, taverns, barbershops, nursing homes, clinics, hospitals, cemeteries, and any place where accommodations, amusement, goods or services are available either free or for a consideration except where provided by bona fide private, nonprofit organizations or institutions. *Page 252 
Section 942.04 (3) provides that no person, club or organization may "give preferential treatment, because of sex . . . regarding the use of any private facilities commonly rented to the public" and imposes Class A Misdemeanor punishment for violators.
In 1895, one year before the United States Supreme Court put its imprimatur on the "separate but equal" fiction which justified the Jim Crow laws, Plessy v. Ferguson, 163 U.S. 537
(1896), Wisconsin's Legislature adopted its first denial of rights statute. Section 4398c, Stats. (1895), imposed both criminal and civil liability upon "any person who shall deny to another person, in whole or in part, the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, saloons, barber shops, eating houses, public conveyances on land or water, theaters, and all other places of public accommodation or amusement, except for reasons alike to all persons of every race or color."
In 1898, the reference to "theaters" was deleted. The statute remained substantially the same until 1955. Chapter 696, Laws of 1955, changed the scheme somewhat so that the enumerated list of places was eliminated, and the phrase "any place of public accommodation or amusement" was substituted therefor. Public place of accommodation was defined to "include inns, restaurants, taverns, barbershops and public conveyances." Sec. 942.04 (2), Stats. (1955). The change in language effected no substantive change of meaning. 52 Op. Att'y Gen. 263, 265 (1963).
In 1965, the statute was amended to expand the definition of "public place of accommodation or amusement." Chapter 439, Laws of 1965, provided that the term:
 shall be interpreted broadly to include, but not be limited to, places of business or recreation, hotels, motels, resorts, restaurants, taverns, barbershops, nursing homes, clinics, hospitals, cemeteries, and any place where accommodations, amusement, goods or services are available either free or for a consideration except where provided by bona fide private, nonprofit organizations or institutions.[1]
This amendment to section 942.04 was enacted eighteen months after the landmark Civil Rights Act of 1964. Title II of that Act, *Page 253 42 U.S.C. § 2000a, prohibited discrimination in places of public accommodation, as broadly defined by the Act. Title II also exempted from its coverage "private club[s] or other establishment[s] not in fact open to the public." 42 U.S.C. § 2000a(e). It is reasonable to assume that the Wisconsin Legislature had this historic federal legislation in mind when it expanded the definition of "public place of accommodation or amusement" in 1965.
In 1975, the Legislature added sex to the list of protected classes and added the current subsection (1)(b). Chs. 94, 256, Laws of 1975.
The term "public place of accommodation or recreation" is defined in terms of the sites at which discrimination is prohibited; e.g., "places of business" or "place[s] where accommodations, amusement, goods or services are provided" rather than the conduct which is prohibited. Despite the relatively narrow definition of "public place of accommodation," it is my opinion that section 942.04 extends to discriminatory conduct by those who deny equal rights at public places of accommodation. Section 942.04 (1)(b) imposes liability on anyone who "gives preferential treatment to some classes of persons in providing services or facilities in any public place of accommodation." If an organization provides services or facilities, and does so in a public place of accommodation, and provides those services or facilities in a discriminatory way, the organization is liable under the statute, unless it is a "bona fide private, nonprofit organization or institution."
The Minnesota Supreme Court has held that the Jaycees is a business organization which sells memberships as its product, and which has as its goal the advancement of its members. UnitedStates Jaycees v. McClure, 305 N.W.2d 764, 769 (Minn. 1981). The California Court of Appeals has held that the Rotary International is a business establishment which, through meetings and publications, provides business-to-business contacts and business benefits to its members. Rotary Club of Duarte v. Boardof Directors, 178 Cal. App. 3d 1035, 224 Cal. Rptr. 213, 225-26
(Cal.App. 1986). To the extent that any Wisconsin service club provides similar benefits to its members, the club provides "services" within the meaning of section 942.04.
Whether a service club provides services in a "public place of accommodation" depends on the practices of the club. To the *Page 254 
extent that meetings take place in restaurants, hotels and the like, they obviously occur in public places of accommodation. Similarly, to the extent a service club operates from any fixed location to market memberships, arrange club meetings or coordinate club projects, the club is a place of business and therefore within the definition of public place of accommodation.
A service club is not liable under the statute, however, if it falls within the exception for "bona fide private, nonprofit organizations or institutions." Although the Wisconsin courts have not had an opportunity to interpret that phrase, it is my opinion that the courts would use the same factors used by the federal courts in determining whether an organization is a "private club" within the meaning of Title II of the Civil Rights Act of 1964.
The courts have considered several factors in interpreting the term "private club," including selectivity in membership, organization size, the existence of formal membership procedures, the degree of membership control over internal governance, limitations on the use of facilities, and the extent of advertising or publicity. Nesmith v. Young Men's Christian Ass'nof Raleigh, N.C., 397 F.2d 96, 101-02 (4th Cir. 1968); UnitedStates v. Trustees of Fraternal Order of Eagles, 472 F. Supp. 1174,1175 (D. Wis. 1979); Cornelius v. Benevolent ProtectiveOrder of Elks, 382 F. Supp. 1182, 1203 (D. Conn. 1974); Wright v.Cork Club, 315 F. Supp. 1143, 1153 (D. Tex. 1970). The Minnesota Supreme Court used these factors in determining whether the Jaycees was a private group under that state's public accommodations statute. United States Jaycees v. McClure,305 N.W.2d 764, 770 (Minn. 1981). The factors were approved by the Supreme Court in Roberts v. United States, 468 U.S. 609, 629-30
(1984).
Because of the generality of your question, I cannot offer an opinion whether any particular Wisconsin service club is covered by section 942.04. Whether the club "provides services" and operates in a "public place of accommodation" are highly dependent on the particular facts of the club. However, it does appear that many service clubs operating in Wisconsin would indeed be covered by the statute. Similarly, whether a particular service club is a "private . . . organization" within the exception must be analyzed according to the factors outlined above. *Page 255 
Once it is decided that a particular service club is covered under section 942.04, the case cited in your opinion request becomes relevant. State regulation of voluntary associations potentially implicates the First Amendment protections given to expression and association. In Roberts, the Court stated that "because the bill of rights is designed to secure individual liberty, it must afford the formation and preservation of certain kinds of highly personal relationships a substantial measure of sanctuary from unjustified interference by the state."468 U.S. at 618. Not all associations are entitled to the same degree of constitutional protection, however. Associations which are "distinguished by smallness, a high degree of selectivity in decisions to begin and maintain the affirmation, and seclusion from others in critical aspects of the relationship" are entitled to the greatest protection from state interference. 468 U.S. at 620. At the other end of the spectrum, large business enterprises are far removed from the concerns which give rise to the constitutional protections of personal liberty. 468 U.S. at 620.
The Roberts decision stated that a number of factors were relevant in determining whether an association was entitled to constitutional protection. The relevant factors "include size, purpose, policies, selectivity, congeniality, and other characteristics that in a particular case may be pertinent."468 U.S. at 620. After analyzing the Jaycees on the relevant factors, the Court determined that the Jaycees was not entitled to constitutional protection of its decision to exclude women.468 U.S. at 621. In the Rotary Intern. case, the Supreme Court reached the same conclusion with regard to a California Rotary Club after analyzing the same factors. 107 S.Ct. at 1945-47.
The Court also considered in each case whether the respective judicial orders to admit women would violate the group's freedom of expressive association. Roberts, 468 U.S. at 622-29; RotaryIntern., 107 S.Ct. at 1947-48. In both cases, the Court held that admitting women would not affect the male members' right of expressive association. Roberts, 468 U.S. at 628; Rotary Intern.,107 S.Ct. at 1848. Both cases recognize that the state statute which required admission of women served a compelling state interest to eliminate invidious discrimination, recognized that the statute served the purpose by a means which was least restrictive of members' expressive rights, and emphasized that admitting women would not infringe on the organization's abilities to engage in any *Page 256 
of the expressive activities it had previously engaged in.Roberts, 468 U.S. at 622-29; Rotary Intern.,107 S.Ct. at 1047-48.
Because of the generality of your question, I cannot offer an opinion whether any particular Wisconsin service club is within the zone of privacy established by the first amendment. That analysis "requires a careful inquiry into the objective characteristics of the particular relationships at issue." RotaryIntern., 107 S.Ct. at 1147, n. 6. It is my opinion, however, that the issue of sex discrimination in service clubs is to be analyzed with reference to the terms of section 942.04, and theRoberts and Rotary Intern. cases.
DJH:BAO
[1] Curiously, the 1965 amendment deleted "public conveyances" from the list of enumerated public places of accommodation. *Page 257